UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOBLE ROMAN'S, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-00500-SEB-MJD |
| | ) | |
| SAHARA SAM'S INDOOR WATER PARK, LLC, | ) ) | |
| | ) | |
| Defendant. | | |

## **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 16], filed on May 19, 2014 pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## **Factual Background**

Plaintiff Noble Roman's, Inc. is a corporation whose franchises sell pizza, breadsticks, and Tuscano's Italian Style Subs. Compl. ¶ 1.[1] This suit arises out of Plaintiff's business relationship with Defendant Sahara Sam's Indoor Water Park, LLC.

In 1974 Plaintiff registered the Noble Roman's word mark on the Principal Register of the United States Patent and Trademark Office under Registration No. 987,069. ¶ 8. In addition, in 1995, Plaintiff registered THE BETTER PIZZA PEOPLE word mark under Registration No. 1,920,428, and in 1992, registered the design mark containing its logo under Registration No. 1,682,308. *Id*. Plaintiff has also registered the Tuscano's mark on the principal register. *Id*. Since

---

[1] Henceforth all citations to paragraphs refer to Plaintiff's Complaint [Docket No. 1] unless otherwise noted.

1

1972 Plaintiff has continuously used the Marks in commerce in connection with marketing, identifying, and promoting its pizza franchises. ¶ 9.

On June 27, 2005, Plaintiff and Defendant entered into two franchise agreements ("the Agreements"). ¶ 10. Per the terms of the Agreements, Defendant became a franchisee of Plaintiff. *Id*. Defendant obtained authorization to sell "Noble Roman's" and "Tuscano's" branded food products using Plaintiff's licensed intellectual property assets, provided that Defendant fulfill certain obligations. *Id*. Namely, Defendant was obliged to report its gross sales to Plaintiff accurately and to pay franchise and other fees to Plaintiff in a timely fashion. *Id*. The Agreements set forth specific requirements for the reporting of sales and payment of franchise fees and/or royalties. Section IV-B[2] establishes a royalty fee of 7% of the previous week's gross sales. Ex. A at 4.

Plaintiff alleges that Defendant breached the Agreements by, among other things, failing to pay royalties as required and misreporting sales. ¶¶ 11–12. Defendant elected not to renew the Agreements, and they lapsed effective March 19, 2014. ¶ 13. Plaintiff also alleges that Defendant violated certain post-termination provisions of the Agreements, including, but not limited to, those which require Defendant to: (1) cease using any of Plaintiff's proprietary products; and (2) remove from public view and display any signage or other articles containing or depicting the Marks. *Id*. Finally, Plaintiff asserts that Defendant violated the non-competition covenants contained in Section X of the Agreements—as modified by the attached Amendment, *see* Pl.'s Exs. C, D—by selling, after termination of the Agreements, pizza, sandwiches, salads, and soups "that are not associated with an existing pizza or sandwich concept, which can be utilized without knowledge gained from Plaintiff." ¶ 14.

---

[2] The two franchise agreements are essentially identically in all respects relevant to this ruling. Hence, we refer to them collectively as "the Agreements."

Plaintiff timely filed the Complaint on April 1, 2014. After being granted a time extension, Defendant timely filed its Motion to Dismiss on May 19, 2014.

## Legal Analysis

### Standard of Review

**Standard under Rule 12(b)(6)**

The Federal Rules of Civil Procedure authorize dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a claim, the court presumes that all allegations in the complaint are true and draws such reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chi.*, 215 F.3d 758, 765 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a) applies, with several enumerated exceptions, to all civil claims, and it establishes a liberal pleading regime in which a plaintiff must provide only a "short and plain statement" of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2); this reflects the modern policy judgment that claims should be "determined on their merits rather than through missteps in pleading." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (citing 2 James W. Moore, et al., Moore's Federal Practice section 8.04 (3d ed. 2006)). A pleading satisfies the core requirement of fairness to the defendant so long as it provides "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In its decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court introduced a more stringent formulation of the pleading requirements under Rule 8. In addition to providing fair notice to a defendant the Court clarified that a complaint must "contain sufficient" factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plausibility of a complaint depends upon the context in which the allegations are situated, and turns on more than the pleadings' level of factual specificity; the same factually sparse pleading could be fantastic and unrealistic in one setting and entirely plausible in another. *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 370 (M.D. Pa. 2008).

Although *Twombly* and *Iqbal* represent a new gloss on the standards governing sufficiency of pleadings, they do not overturn the fundamental principle of liberality embodied in Rule 8. As this Court has noted, "notice pleading is still all that is required, and 'a plaintiff still must provided only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *United States v. City of Evansville*, 2011 WL 52467, at *1 (S.D. Ind. Jan. 8, 2011) (quoting *Tamayo*, 526 F.3d at 1083). On a motion to dismiss, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

**Standard under Rule 9**

In Count III of the Complaint, Plaintiff alleges that Defendant committed fraud—a claim for which the Federal Rules impose a heightened pleading standard. In order to properly plead

4

fraud or mistake under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). More specifically, the "complaint must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *U.S.* ex rel. *Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (internal quotations omitted). The Seventh Circuit has summarized the particularity requirement as "calling for the first paragraph of any newspaper story: the who, what, when, where, and how." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (citations omitted). The rules require that fraud allegations be stated with greater particularity in order to combat "the great harm to the reputation of a business firm or other enterprise" that can be inflicted by a baseless claim. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

## Discussion

Defendant moves to dismiss Plaintiff's Counts III and IV—which allege fraud and seek injunctive relief, respectively—for failure to state a claim under Federal Rules of Civil Procedure 9 and 12(b)(6), respectively.[3]

**Count III – Fraud**

Plaintiff alleges that Defendant committed fraud by intentionally underreporting gross sales in order to induce Plaintiff to accept lower royalty fee payments. Fraud in Indiana is defined as "(1) a material representation of a past or existing fact by the party to be charged that; (2) was false; (3) was made with knowledge or reckless ignorance of its falsity; (4) was relied

---

[3] The Complaint contains four counts, confusingly named "Count One," "Count One," "Count Two," and "Count Three." In this ruling, Count III refers to Plaintiff's fraud claim and Count IV refers to Plaintiff's claim for injunctive relief—even though they are not labeled as such in the Complaint.

5

upon by the complaining party; and (5) proximately caused the complaining party's injury." *Ruse v. Bleeke*, 914 N.E.2d 1, 10 (Ind. Ct. App. 2009); *Youngblood v. Jefferson Cnty. Div. of Family & Children*, 838 N.E.2d 1164, 1169–70 (Ind. Ct. App. 2005). When alleging fraud, a plaintiff must "state with particularity the circumstances" constituting the tort. Fed. R. Civ. P. 9(b); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

Defendant argues that Plaintiff failed to state at least seven circumstances relating to the alleged fraud. Namely, Defendant maintains that Plaintiff failed to indicate (1) what specific misrepresentations were made, (2) how they were made, (3) where they were made, (4) whether they caused any damages, (5) the amount by which the gross sales reports were understated, (6) when they were made, and (7) whether Plaintiff relied on those misrepresentations. *See* Def.'s Br. 2.

As Plaintiff indicates in its Response, the Complaint sufficiently states the first four of the circumstances enumerated above. It states *what* fraudulent misrepresentations Defendant allegedly made, *how* Defendant made them, *where* Defendant made them, and whether they *caused* any damages. Plaintiff alleges that Defendant underreported its weekly gross sales to Plaintiff for the purpose of reducing the amount of royalty fees owed. Compl. ¶ 24. In addition, Section IV.B of the Franchise Agreements required Defendant to pay Plaintiff a royalty fee of 7% of Defendant's weekly gross sales, payable at the end of each week. Section IV.B.(2) required Defendant to report the amount of those weekly gross sales by facsimile or telephone by noon on the Monday following the close of each week's business. Defendant argues that "[t]he totality of Plaintiff's fraud claim is contained in one vague allegation in one paragraph." Def.'s Br. 2. In reality, Plaintiff's fraud claim comprises the first 28 paragraphs of the Complaint as well as the Franchise Agreements. The Rules of Civil Procedure permit incorporation of

paragraphs by reference and incorporation of the contents of exhibits "for all purposes." *See* Fed. R. Civ. Pro. 10(c).

Defendant is correct, however, that the Complaint does not state the amount of harm suffered by Plaintiff with any particularity. Instead, it merely recites that Defendant's fraudulent reports caused damage in excess of $75,000. Plaintiff invokes the principle that "[t]he Rule 9 heightened pleading standard is applied less stringently when specific factual information about the fraud is peculiarly within the Defendants' knowledge or control." *See Gilman v. Walters*, 2013 WL 1789863, at *2 (S.D. Ind. Apr. 26, 2013) (citing *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999)). In *Gilman v. Walters*, a group of investors brought suit against an oil drilling partnership, alleging that the partnership falsely reported oil well revenues. *Id.* The drilling partnership filed a motion to dismiss, contending that the investors failed to specify dollar figures of the alleged misrepresentations. *Id*. The court, however, denied that motion because those figures were "clearly only within the control of the defendants." *Id*.

If Plaintiff's factual allegations are true, as we must presume they are for the purposes of this motion, then Defendant is best positioned to know the precise amount by which it lowballed its gross sales in its weekly reports—just as in *Gilman.* In its reply brief, Defendant makes the (literally) bold assertion that the amount by which the gross sales were underreported was "*clearly only within the control* of the **Plaintiff**." Def.'s Rep. Br. at 2 (emphasis original). In support of this theory, Defendant contends that it is Plaintiff, in fact, which possesses "the weekly sales reports, internal sales models, and internal calculations and methodologies for determining royalty payments." *Id.* Neither party has provided any evidentiary support for its theory regarding Plaintiff's level of access to this information; at this stage, then, we must take

7

Plaintiff's representations at face value. *Cf. Noble Roman's, Inc. v. Puzzles Fun Dome, Inc.*, 2015 WL 1210969, at *3 (S.D. Ind. Mar. 16, 2015) (finding *Gilman* inapposite where Noble Roman's had "audited [Defendant's] reports and records and determined a specific total dollar amount of unpaid royalties").

All that said, Count III ultimately fails to meet the pleading requirements imposed by Rules 8(a) and 9(b). In particular, it fails to allege specifically *when* Defendant made the alleged misrepresentations and to state that Plaintiff *relied* on those misrepresentations to its detriment. With respect to the timing of the misrepresentations, the most one can glean is that Defendant made a misrepresentation (or series of misrepresentations) at some point(s) during the almost nine-year period in which the Agreements were binding from June 27, 2005 to March 19, 2014. This does not reasonably put Defendant on notice regarding the chronology of the claim—and is thus a critical omission under the Rule 9(b) standard. *See Wigod,* 673 F.3d at 569 (7th Cir. 2012) (stating that the particularity requirement calls for allegations regarding "the who, what, *when*, where, and how") (emphasis added). Furthermore, the Complaint is silent regarding whether Plaintiff detrimentally relied on these misrepresentations. Plaintiff implied in its Response that it relied on Defendant's reporting in drafting artificially low royalty fees from Defendant's bank account. *See* Pl.'s Resp. 6. To survive a motion to dismiss, however, a plaintiff must set forth the elements of his claim on the face of his complaint—including a plausible allegation of reliance. *See Morse v. Abbott v. Labs.*, 756 F. Supp. 1108, 1112 (N.D. Ill. 1991) (dismissing a fraud claim for failing to "allege actual reliance with particularity").

Accordingly, Defendant's Motion to Dismiss with respect to Count III is therefore GRANTED, but without prejudice to a subsequent effort to comply with these holdings.

8

## I. Count IV – Injunctive Relief[4]

Plaintiff claims that it is entitled to injunctive relief for Defendant's violations of trademark law and breach of the non-competition covenants in the Agreements. *See* ¶ 30. Plaintiff alleges specifically, with respect to the non-competition provisions, that "[Defendant] has sold, after termination of the Agreements, pizza, sandwiches, salads, and soups that are not associated with an existing pizza or sandwich concept, which can be utilized without knowledge gained from [Plaintiff]. ¶ 14.

In its Motion to Dismiss, Defendant contends that Plaintiff fails to state a claim for relief with respect to Count IV because the Agreements "permit[ the] very activity" complained of in paragraph 14. Def.'s Br. 3. Defendant, however, is mistaken. Paragraph six of the Amendment to Franchise Agreement provides that, after termination of the Agreements, Defendant is restricted to utilizing an "existing pizza or sandwich concept." Pl.'s Ex. C at 2. In the same paragraph, an "existing pizza or sandwich concept" is defined as an "existing pizza concept with already established menus, brand name and standard operating procedures which could be utilized and put into operation *without any knowledge being utilized which was gained from the Noble Roman's Pizza franchise*." *Id.* at 2 (emphasis added). In other words, after termination of the Agreements, Defendant was prohibited from making and selling pizza or sandwiches using any knowledge gained from Plaintiff's franchise.

With respect to the trademark claims, Defendant also contends that "Plaintiff has failed to alleged [sic] any improper post-termination usage of the trademarks." Again, Defendant overstates its argument. Paragraph 13 of the Complaint does, in fact, that "[Defendant] has violated certain post-termination provisions of the Agreements, including but not limited to those

---

[4] At the outset, we note that counts in a complaint generally set forth claims. Although Plaintiff titled Count IV as "Injunctive Relief," injunctive relief is a remedy, not a claim.

9

which require [Defendant] to: (1) cease to use any Plaintiff's [sic] proprietary products; and (2) remove from public view and display any signage or other articles containing or depicting [Plaintiff's trademarks]." ¶ 13. Paragraph 16 also states that "[Defendant] has used the Marks in commerce and in connection with the sale of non-[Plaintiff] pizza and other menu items . . . ." ¶ 16. The next paragraph states that "[Defendant's] use of the Marks is without the authorization or consent of [Plaintiff], and outside the scope of permission granted in the Agreement." ¶ 17. Plaintiff has therefore sufficiently alleged improper post-termination usage of the trademarks.

At this stage, Defendant presents no arguments that injunctive relief is inappropriate or otherwise unavailable, other than that Plaintiff has not stated an underlying claim for breach of the Agreement or trademark infringement. Because Plaintiff's success on either claim, or both, could potentially give rise to an entitlement to injunctive relief, Defendant's Motion to Dismiss with respect to Count IV is accordingly DENIED.

## Conclusion

Because Plaintiff's Complaint fails to state with the required particularity when Defendant made the allegedly fraudulent misrepresentations and whether Plaintiff relied on them, Defendant's Motion to Dismiss is GRANTED with respect to Count III. "Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). *See also Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). We opt to give Plaintiff such an opportunity to amend, and we therefore, as noted previously, dismiss Count III WITHOUT PREJUDICE.[5] Plaintiff may file an amended complaint within 28 days of the issuance of this order; if it fails to do so, we may enter

---

[5] We also suggest that Plaintiff's amended complaint number its counts in a less confusing manner.

a partial final judgment in favor of Defendant with respect to Count III. Defendant's Motion to Dismiss is DENIED with respect to Count IV.

IT IS SO ORDERED.

Date: ___03/31/2015___

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com